# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Teresa Underwood,

    Plaintiff,

vs.

Sun Life Assuance Company of Canada, et al.,

    Defendants.

Case No.: 2:14-cv-1120-JAD-CWH

**Order to Show Cause Why Action Should Not Be Dismissed for Failure to Satisfy Threshold Amount**

    The amended complaint in this insurance action was filed on August 25, 2014, and seeks recovery for breach of contract, bad faith, and violation of the Nevada Unfair Trade Practices Act, NRS § 686A.675. Doc. 10 at 16-21. As relief, plaintiff seeks (1) "special damages in excess of $10,000, including an award of past due benefits with statutory interest thereon, and an award of all future benefits due under the contract as a consequence of defendant's bad faith;" (2) "general damages in excess of $10,000, including an award of damages for the physical injury and mental and emotional distress that [plaintiff] has suffered as a consequence of defendant's bad faith claims handling practices and termination of benefits; and (3) "punitive damages in excess of $10,000." Doc. 10 at 21. Plaintiff also seeks pre-judgment and post-judgment interest and attorney's fees and costs of the suit, in amounts not disclosed. *Id.*

    Under Federal Rule of Civil Procedure 12(h)(3), the district court may at any time ascertain whether it has subject matter jurisdiction over a case, and it must dismiss when subject matter jurisdiction is lacking.[1] Under 28 U.S.C. § 1332(a), a district court exercises diversity jurisdiction over disputes involving citizens of different states where the amount in

---

[1] Fed. R. Civ. Proc. 12(h)(3).

controversy exceeds $75,000, before interests and costs.[2]  In general, the amount in controversy is ascertained from the face of the pleadings.[3]  So long as the plaintiff has alleged the amount in controversy in good faith, the sum claimed by the plaintiff controls.[4] "To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount."[5]

      Plaintiff's complaint lacks the requisite level of proof of facts that demonstrate the amount in controversy in this case exceeds $75,000.  Plaintiff specifies only three sums, each for an unspecified amount of over $10,000.  Although plaintiff alleges that her damages stem from a denial of a disability claim that may extend backward in time for several years and forward into the future, and that she is entitled to punitive damages, at no point does she specify an amount of damages in excess of $75,000.  Thus, the complaint, on its face, fails to establish a controversy in excess of the jurisdictional amount; this failure prevents this court from exercising subject matter jurisdiction over this case.  Before dismissing this action, however, the court will give plaintiff the opportunity to satisfy her pleading burden by submitting an amended complaint.

      Accordingly, it is HEREBY ORDERED that plaintiff shall file an amended complaint that contains facts necessary to support this court's exercise of jurisdiction (specifically including <u>facts</u> establishing that the $75,000 jurisdictional threshold is met) under 28. U.S.C. § 1332(a) no later than 20 days from today.  Plaintiff's failure will lead to dismissal of this action without prior notice.

DATED: August 29, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

---

[2] *Id.*

[3] *See Pachinger v. MGM Grand Hotel–Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir.1986).

[4] *See St. Paul Mercury Indem. Co.*, 303 U.S. at 288, 58 S.Ct. 586.

[5] *Budget Rent–A–Car, Inc. V. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997) (quotation omitted).